FILED ___ LODGED ___
___ RECEIVED

MAR 05 2010

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
                                     DEPUTY

Hon. Benjamin H. Settle



10-CR-05139-PLAGR

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES ROBERT BLACK, Jr., <br> a/k/a "Defiant," <br><br> Defendant. | No. CR10-5139BHS <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Kathryn A. Warma, Assistant United States Attorney for said District, and Defendant, JAMES ROBERT BLACK, Jr., and Zenon Olbertz, attorney for Defendant, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

**1.   The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment:

   a.   Conspiracy to Intentionally Damage a Protected Computer, as charged in Count 1, in violation of Title 18, United States Code, Section 371.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering this plea of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

PLEA AGREEMENT/Black Jr., James Robert
Case No. CR10-5139BHS - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

2.   **Elements of the Offense.** The elements of the offense of Conspiracy, as charged in Count 1, in violation of Title 18, United States Code, Section 371, are as follows:

First, there was an agreement between two or more persons to commit at least one crime as charged in the Indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it, and;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

3.   **The Penalties.** Defendant understands that the statutory penalties for the offense of Conspiracy, as charged in Count 1, are as follows:

    a.   Count 1 (Conspiracy): Imprisonment for up to 5 years, a fine of up to two hundred fifty thousand and no/100 dollars ($250,000.00), a period of supervision following release from prison of up to three years, and a special assessment of one hundred and no/100 dollars ($100.00). If Defendant receives a sentence of probation, the probationary period could be up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees

PLEA AGREEMENT/Black Jr., James Robert
Case No. CR10-5139BHS - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of his peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on his behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

5. **United States Sentencing Guidelines**. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity

PLEA AGREEMENT/Black Jr., James Robert
Case No. CR10-5139BHS - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

**6. Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

**7. Restitution.** Defendant shall make restitution to Comcast Corporation of Philadelphia, Pennsylvania, in the amount of one hundred twenty eight thousand, five hundred seventy eight and no/100 dollars ($128,578.00), with credit for any amounts already paid. Said amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

**8. Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense.

    a. At all times material, Comcast, Inc., was a corporation headquartered in Philadelphia, Pennsylvania. Comcast, Inc., provided a website, at the domain, "comcast.net." Comcast, Inc. used this website to provide its subscribers with e-mail, voice mail, and other services. In May of 2008, approximately 5 million unique users visited the comcast.net website daily. The computers used to provide these services, and the computers hosting the

PLEA AGREEMENT/Black Jr., James Robert
Case No. CR10-5139BHS - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  comcast.net domain name system ("DNS"¹) information, were computers used in interstate and
2  foreign commerce and communication.
3        b. In May of 2008 Defendant used the on-line name "Defiant," and was a
4  member of an on-line group known as "Kryogeniks."
5        c. On or about May 26, 2008, Defendant discussed with others in
6  "Kryogeniks" the Internet website "fear.net," which is owned by Comcast, Inc. In the course of
7  that discussion, Defendant and others in the group, including coconspirator Lewis, decided and
8  agreed to attempt to take control of the Comcast, Inc., website with the domain name,
9  "comcast.net."
10       d. On or about May 27, 2008, Defendant used information obtained earlier
11 that day by coconspirators Lewis and Nebel to access an account that Comcast maintained with
12 its DNS service provider. Defendant then successfully logged into that account, and also
13 successfully obtained (unlimited) administrative access to the information contained in that
14 account. The information to which he thus had access included the DNS information for the
15 comcast.net website, as well as the public contact information for the comcast.net account.
16       e. With his administrative access to this account, Defendant also obtained the
17 power to change the IP address (and thus the Internet "location") to which Internet users would
18 be directed when they attempted to connect to the comcast.net website.
19       f. On or about May 27, 2009, Defendant also used his administrative access to
20 this account to change the e-mail contact information associated with the comcast.net website to
21 "kryogeniksdefiant@gmail.com."
22       g. On or about May 28, 2009, Defendant participated in a conference call with
23 coconspirators Lewis and Nebel, during which they decided and agreed that they would redirect
24 customers seeking access to the comcast.net website to an alternate website of the

---

¹The DNS is a mechanism used in the Internet for translating domain names (such as "comcast.net,") that are more easily remembered by humans, into Internet Protocol ("IP") addresses, which are the numerical addresses used to identify computers on the Internet. When a human makes a search for "comcast.net" or any other domain name, the DNS converts or "resolves" that domain name to the proper numerical IP address, and directs the traffic to the computer on the Internet with that specific IP address. *See* Newton's Telecom Dictionary, 18th Edition, CMP Books, 2002.

PLEA AGREEMENT/Black Jr., James Robert
Case No. CR10-5139BHS - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

coconspirators' making. The alternate website they created displayed a message indicating that the Kryogeniks group had successfully "hijacked" the comcast.net website.

    h. On or about May 28, 2008, Defendant and his coconspirators accessed a "virtual private network" (VPN) on a computer located in Sweden, and later sent computer commands through this VPN to the target computers. They did so in order to conceal the fact that coconspirator Nebel's computer was the true source of the commands used to "hijack" the comcast.net website, and making it appear instead as though the commands had come from a Swedish location.

    i. At approximately 11:00 pm on or about May 28, 2008, coconspirator Nebel, in conjunction with and at the direction of Defendant and coconspirator Lewis, used the administrative access to Comcast's account with its DNS service provider to intentionally send computer code and commands to the computer controlling this DNS information, and by doing so intentionally changed the IP address to which would-be users of the comcast.net website were directed. By altering the IP address information, Defendant and his co-conspirators caused the would-be users of the comcast.net website to be directed, instead, to the IP address of the website that the co-conspirators had created, which displayed the following message: "KRYOGENIKS Defiant and EBK RoXed COMCAST sHouTz to VIRUS Warlock elul21 coll1er seven."

    j. These actions of Defendant and his co-conspirators impaired access to the comcast.net website to all would-be users for at least 90 minutes on May 28-29, 2008, and for some users, for an additional period of time thereafter.

    k. In furtherance of the conspiracy, coconspirator Lewis placed a telephone call on May 28, 2009, (after the defendants had changed the DNS information for comcast.net), to a Comcast employee at his home in Clifton Heights, Pennsylvania, and asked the employee if the Comcast domains were working properly.

    l. As a result of the conspirators' actions, Comcast, Inc., suffered a loss of $128,578.00, which includes the costs of Comcast's incident response, damage assessments, restoring system operations, resecuring DNS information, and other consequential damages.

PLEA AGREEMENT/Black Jr., James Robert
Case No. CR10-5139BHS - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**9. Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Offices for the Eastern District of Pennsylvania and the Western District of Washington agree not to prosecute Defendant for any additional offenses known to them as of the time of this Agreement that are based upon evidence in their possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the referenced United States Attorney's Offices will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

**10. Cooperation**

a. Defendant shall cooperate completely and truthfully with law enforcement authorities in the investigation and prosecution of other individuals involved in criminal activity. Such cooperation shall include, but not be limited to, complete and truthful statements to law enforcement officers, as well as complete and truthful testimony if called as a witness before a grand jury, or at any state or federal trial, retrial, or other judicial proceedings. Defendant acknowledges that this obligation to cooperate shall continue after Defendant has entered his plea of guilty and sentence has been imposed, no matter what sentence Defendant receives. Defendant's failure to do so may constitute a breach of this Plea Agreement.

b. Defendant understands the United States will tolerate no deception from Defendant. If, in the estimation of the United States Attorney, information or testimony provided from the date of the Plea Agreement, proves to be untruthful or incomplete in any way, regardless of whether the untruthfulness was intended to help or hurt the United States' case, the

PLEA AGREEMENT/Black Jr., James Robert
Case No. CR10-5139BHS - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

United States Attorney for the Western District of Washington may consider that Defendant has breached this Plea Agreement.

   c. The parties agree that information provided by Defendant in connection with this Plea Agreement shall not be used to determine Defendant's sentence, except to the extent described in USSG § 1B1.8.

   d. In exchange for Defendant's cooperation, as described above, and conditioned upon Defendant's fulfillment of all conditions of this Plea Agreement, the United States Attorney agrees to consider filing a motion pursuant to 18 U.S.C. § 3553(e) and/or Section 5K1.1 of the United States Sentencing Guidelines, recommending that the Court sentence Defendant to a sentence that reflects Defendant's cooperation. Defendant understands that in the event the United States Attorney files such a sentencing recommendation, that recommendation will be based on consideration of factors and provisions set forth in the United States Sentencing Guidelines.

 **11.** **Acceptance of Responsibility.** The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because he has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

 **12.** **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

PLEA AGREEMENT/Black Jr., James Robert
Case No. CR10-5139BHS - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

13. **Waiver of Appeal.** As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

PLEA AGREEMENT/Black Jr., James Robert
Case No. CR10-5139BHS - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

14. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter a plea of guilty.

15. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

16. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Offices for the Eastern District of Pennsylvania and the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 5 day of March, 2010.

_____
JAMES ROBERT BLACK, Jr.
Defendant

_____
ZENON OLBERTZ
Attorney for Defendant

_____
KATHRYN A. WARMA
Assistant United States Attorney

PLEA AGREEMENT/Black Jr., James Robert
Case No. CR10-5139BHS - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970